UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| **RAYMON JONES #K-04253,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
|     vs. ) | Case No. 13-1443 |
| ) | |
| **BRIAN PIPER,** ) | |
| ) | |
|     **Defendant.** ) | |

## OPINION

Now before the Court is the Motion for Summary Judgment (ECF No. 11) filed by Defendant Brian Piper ("Piper" or "Defendant") arguing that summary judgment in his favor is appropriate because Plaintiff Raymon Jones ("Jones" or "Plaintiff") has failed to exhaust his administrative remedies related to his claim of excessive force. For reasons stated herein, the Motion for Summary Judgment (ECF No. 11) is GRANTED and the Complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE. This case is now TERMINATED.

## PROCEDURAL BACKGROUND

On September 18, 2013, Jones filed his 42 U.S.C. § 1983 Complaint alleging that on June 19, 2013, he was tackled and assaulted while incarcerated in the Illinois River Correctional Center by Defendant Piper when he asked for emergency health care. (ECF No. 1). Jones alleges the assault resulted in various mental injuries. *Id*.

On October 31, 2013, this Court entered its Merit Review Order pursuant to 28 U.S.C. § 1915A and found Jones adequately alleged a claim against Defendant Piper based upon his allegations he was tackled and assaulted by Piper on June 19, 2013. TEXT ORDER dated 10/31/2013.

On January 3, 2013, Piper filed his Answer and Affirmative Defenses. (ECF No. 9). In his Answer, Piper denied Plaintiff's claim of excessive force, and further denied that any of Plaintiff's Constitutional rights were violated whatsoever. As affirmative defenses, Piper first argued that he acted in good faith in the performance of his official duties and without violating Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known. Defendant therefore argues that he is protected from suit by the doctrine of qualified immunity. Second, Piper argued Plaintiff has failed to exhaust his administrative remedies prior to the initiation of this cause of action and that his claims are barred by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997.

Defendant now moves for this Court to enter summary judgment in his favor arguing that Jones failed to exhaust his administrative remedies prior to filing this suit. (ECF No. 11). In support of his Motion, Defendant presented an affidavit from Thomas Scott Keen ("Keen"), Chairperson for the Office of Inmate Issues for the Illinois Department of Corrections, also known as the Administrative Review Board ("ARB"). Keen states he found one grievance from Jones dated June 19, 2013, referencing alleged excessive force on or about June 19, 2013, that was received by the ABR on June 28, 2013. On July 10, 2013, the ARB responded to the grievance and stated Jones had to provide a Committed Person's Grievance Report, including the Counselor's, Grievance Officer's, and Chief Administrative Officer's response in order to move forward. Keen also states that Jones never re-submitted his grievance to the ARB with the required response.

On February 25, 2014, Jones filed his response to Defendant's Motion for Summary Judgment. (ECF No. 15). Jones argued that he tried to exhaust his administrative remedies. He states he put two grievances in the grievance box and wrote to the grievance office many times

about his grievance, but got no answer. He states he also got no answer from Greg Gossett, Warden. He states he sent an emergency grievance on July 31, 2013, but had it returned on August 30, 2013. He states he tried to write to Michael Hood, the director of internal affairs, but the privileged legal mail kept being returned. Jones attached his mail to Michael Hood with his response to the Motion for Summary Judgment. *Id*.

This Order follows.

## SUMMARY JUDGMENT STANDARD

A motion for summary judgment will be granted where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). A material fact is one that might affect the outcome of the suit. *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 598-99 (7th Cir. 2000). The moving party may meet its burden of showing an absence of material facts by demonstrating "that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its burden, the non-moving party then has the burden of presenting specific facts to show there is a genuine issue of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

On summary judgment, the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd.*, 475 U.S. at 588. Any disputed issues of fact are resolved against the moving party. *GE v. Joiner*, 552 U.S. 136, 143 (1997). The moving party has the responsibility of informing the Court of portions of the record or affidavits that demonstrate the absence of a triable issue. *Celotex Corp.*, 477 U.S. at 323. Federal Rule of Civil Procedure 56(e) requires the non-moving party to go beyond the pleadings and produce evidence of a genuine issue for trial. *Id*. at 324.

Where a proposed statement of fact is supported by the record and not adequately rebutted, a court will accept that statement as true for purposes of summary judgment; an adequate rebuttal requires a citation to specific support in the record. *Drake v. Minnesota Mining & Mfg. Co.*, 134 F.3d 878, 887 (7th Cir. 1998). This Court must then determine whether there is a need for trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may be reasonably resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

## DISCUSSION

The PLRA, governs a variety of procedural requirements related to inmate suits brought under 42 U.S.C. § 1983. Under the PLRA:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The Seventh Circuit has taken a strict compliance approach to exhaustion requiring a prisoner to pursue all available administrative remedies and comply with the prison's procedural rules and deadlines. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). If an inmate fails to follow the grievance procedure rules, his claims will not be considered to be exhausted, but instead forfeited, and he will be barred from filing suit in federal court even if administrative remedies are for practical purposes no longer available to him due to his procedural default. *Pozo*, 286 F.3d at 1025; s*ee also Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008). The exhaustion requirement applies to all inmate suits relating to prison life, including claims involving the use of excessive force. *Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[W]e hold that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they

involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). To meet the exhaustion requirement, prisoners must follow the administrative steps established by the state. *Pozo,* 286 F.3d at 1025.

The Illinois Department of Corrections has an established grievance process. *See* 20 ILL. ADMIN. CODE §§ 504.800 *et seq*. An inmate is first required to speak with a counselor about the contested issue. 20 ILL. ADMIN. CODE § 504.810(a). If the counselor does not resolve the problem, the inmate must file a grievance form directed to the Grievance Officer within 60 days of the incident. *Id*. The Grievance Officer submits his recommendation to the Chief Administrative Officer who "shall advise the offender of the final decision in writing within two months after receipt of the written grievance, where reasonably feasible." 20 ILL. ADMIN. CODE § 504.830(d). If the inmate is not satisfied with the Chief Administrative Officer's response, he or she can file an appeal with the Director through the Administrative Review Board within 30 days after the date of the Chief Administrative Officer's decision. 20 ILL. ADMIN. CODE § 504.850(a). The Director shall then review the findings and recommendations of the board and make a final determination within six months after receipt of the grievance. 20 ILL. ADMIN. CODE § 504.850(f). When an inmate has received a copy of the Director's decision, the grievance procedure is complete.

The grievance procedure also allows the inmate to file on an emergency basis, bypassing the Grievance Officer and going directly to the Chief Administrative Officer. 20 ILL. ADMIN. CODE § 504.840. However, the procedures for filing an emergency grievance are also outlined in 20 ILL. ADMIN. CODE § 504.810.

Here, Defendant attaches the Affidavit of Keen, the Chairperson for the Office of Inmate Issues for the Illinois Department of Corrections. The affidavit of Keen provides that the

Attorney General's Office requested that Keen search for Jones' grievance. When Keen searched for grievances relating to Jones' allegations that he was assaulted by a correctional officer on or about June 19, 2013, it shows there is one grievance received by the ARB on June 28, 2013.

On July 10, 2013, ARB returned the grievance and required Jones to provide a Committed Person's Grievance Report, including the Counselor's, Grievance Officer's, and Chief Administrative Officer's response. Keen states Jones never re-submitted his grievance to the ARB with the required response.

Jones states that he filed a grievance several times and got no answers from the grievance office. Jones also states his grievance was returned back because the Illinois River Correction Center staff said his mail was not legal or privilege mail.

From the offender's grievance, which Jones submitted to Court along with his response to Defendant's Motion for Summary Judgment, it appears Jones' alleged assault occurred on June 19, 2013. On the same date, he filed his grievance and got no response. Thereafter, Jones filed his initial complaint with the Court on September 18, 2013. (ECF No. 1). This timing is problematic for the Plaintiff. Because Plaintiff filed his complaint only three months after his initial grievance, the Court must find Plaintiff's administrative remedies were available to him, and that he simply failed to comply with the requirements to do so. 20 ILL. ADMIN. CODE. 504.850(f) states "[t]he Director shall [ ] make a final determination [ ] within 6 months [ ], *where reasonably feasibly under the circumstances*." Plaintiff did not follow the protocol as outlined in the Illinois Department of Corrections Grievance Procedures for Offenders, because Plaintiff filed his complaint with the Court before the 6 month period for responses had passed on December 19, 2013. Plaintiff had to have submitted the appropriate documents to the ARB and allow them six months to review the grievance. He did not so do. Accordingly, Defendant is

entitled to Summary Judgment on the issue of exhaustion, and the Complaint is dismissed without prejudice for failure to exhaust.

**IT IS THEREFORE ORDERED:**

1) **Defendant's Motion for Summary Judgment (ECF No. 11) is GRANTED and the Complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE (ECF No. 11). The Clerk of the Court is directed to enter judgment in favor of Defendant Brian Piper and against Plaintiff Raymon Jones. This case is terminated, with the parties to bear their own costs. All deadlines and settings on the Court's calendar are vacated.**

2) **If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4).**

3) **If Plaintiff wishes to proceed *in forma pauperis* on appeal, his motion for leave to appeal *in forma pauperis* must identify the issues Plaintiff will present on appeal to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *see also Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a responsible assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee regardless of the outcome of the appeal.**

ENTERED this 29th day of August, 2014.

                         /s/ Michael M. Mihm
                         MICHAEL M. MIHM
                         UNITED STATES DISTRICT JUDGE